**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Ernest Clyde Esry,<br>Petitioner<br>-vs-<br>Laura Escapule, *et al.*,<br>Respondents. | CV-13-2028-PHX-SRB (JFM)<br><br>**Report & Recommendation**<br>**on Petition for Writ of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at San Luis, Arizona, filed a Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 30, 2013 (Doc. 11).  On March 25, 2014 Respondents filed their Response (Doc. 24).  Petitioner filed an Amended Reply on April 30, 2014 (Doc. 28).

In addition, on February 22, 2014, Petitioner filed a Motion for Release Pending Review (Doc. 20).  Respondents filed a Response on March 5, 2014 (Doc. 23).  Petitioner has not replied.

The Petitioner's Petition and Motion for Release are now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

In February 1993, Petitioner lent his car to the victim, an acquaintance, who failed

to return it for a day. When the victim returned with the car, Petitioner approached him, asked for his keys, and then shot the victim, killing him. Petitioner then drove away in the car, hid the car, and confessed that he "got" the victim and needed to get blood off his boots.  Petitioner was later arrested, and a search of his vehicle revealed the keys to the vehicle, the victim's blood on his boots, and a revolver with matching ballistics, ammunition, and a spent shell casing. (Exhibit BB, Mem. Dec. 12/11/08 at 2-6.) (Exhibits to the Answer, Doc. 24, are referenced herein as "Exhibit ___.")

## B. PROCEEDINGS AT TRIAL

Petitioner was indicted in 1993, but the prosecution moved to dismiss on the basis that key witnesses could not be located. (Exhibit UU, Resp. to Mot. Dismiss.)  After 245 days, Petitioner was released. (Exhibit CC, M.E. 4/1/09.)

On May 12, 2005, Petitioner was again indicted, and was charged with one count of first degree murder.  (Exhibit A, Indictment.) The state filed allegations of various aggravating circumstances (Exhibit B).

Petitioner filed a Motion to Dismiss (Exhibit TT), arguing a speedy trial violation, asserting that the state had unduly delayed in bringing the prosecution, and had done so for tactical advantage.  The motion was denied. (Exhibit WW, M.E. 6/16/06.)

Petitioner proceeded to trial on January 23, 2007.  (Exhibit F, R.T. 1/23/07.)  He testified on his own behalf, asserting that he was afraid of the victim who had threatened him and was believed to be armed.  Petitioner admitted that when he went to retrieve the car he took the gun for protection, cocked it, pointed it at the victim, but did not intend to shoot him, and the gun accidentally went off when the victim grabbed it.  (Exhibit BB, Mem. Dec. at 6.)

Petitioner was found guilty of the lesser-included offense of second degree murder.  (Exhibit Q, Verdicts.)  On April 27, 2007, he was sentenced to an aggravated sentence of 17 years, with credit for 710 days of presentence incarceration.  (Exhibit X, Sentence.)

### C.  PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a direct appeal raising claims of instructional error and sentencing error.  (Exhibit Y, Opening Brief.)  The Arizona Court of Appeals found that Petitioner had been wrongly denied presentence incarceration credit for his incarceration during the earlier prosecution, rejected the remaining claims, and remanded for recalculation of the presentence incarceration credit. (Exhibit BB, Mem. Dec. at 22.)

Petitioner did not seek further review.  (2nd Amend. Pet., Doc. 11 at 3.)

### D.  RECALCULATION OF PRESENTENCE INCARCERATION CREDITS

On April 1, 2009, the trial court issued a minute entry amending, *nunc pro tunc*, the calculation of presentence incarceration credit from 710 days to 955 days.  (Exhibit CC, M.E. 4/1/9.)

Petitioner did not appeal from this order.  (Exhibit QQ, Trial Court Docket at 1.)

### E.  PROCEEDINGS ON POST-CONVICTION RELIEF

On January 12, 2009, Petitioner filed a Notice of Post-Conviction Relief (Exhibit DD.)  Counsel was appointed (Exhibit EE, M.E. 1/29/09), who eventually filed a Notice of Completion (Exhibit FF), asserting an inability to find an issue for relief.  Retained counsel then filed a Petition for Post-Conviction Relief (Exhibit GG), raising claims of ineffective assistance of trial counsel, and a change in Arizona law permitting the use of deadly force to protect property.  In a Minute Entry filed May 3, 2010 (Exhibit JJ), the PCR Court summarily dismissed the petition.

Petitioner did not seek further review.  (Exhibit QQ, Trial Court Docket at 1; 2nd Amend. Pet., Doc. 11 at 5.)

### F.  STATE HABEAS PROCEEDING

Almost three years later, on April 1, 2013, Petitioner filed in the Arizona Supreme Court a Petition for Writ of Habeas Corpus (Exhibit KK), arguing: (1)  error in the

1  dismissal of the first indictment, and in permitting the subsequent re-indictment; (2) speedy trial violations; (3) *ex post facto* application of a change in the law of justification made in 1997. On June 6, 2013, the Arizona Supreme Court summarily dismissed the petition, finding the claims were properly presented only in a PCR petition to the trial court. (Exhibit MM, Order 6/6/13.)

Petitioner sought reconsideration (Exhibit NN), which was denied. (Exhibit PP, Order 8/5/13.)

### G.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 4, 2013 (Doc. 1). That Petition bore a certification of mailing dated September 19, 2013 (*id.* at 6), and the envelope bore a postage meter stamp dated September 30, 2013 (*id.* at Doc. 1-1). The Petition was dismissed with leave to amend for failure to utilize a court approved form. (Order 10/28/13, Doc. 5.)

On November 26, 2013, Petitioner filed his First Amended Petition (Doc. 7), which was dismissed with leave to amend on the basis that Petitioner had failed to set forth all his grounds for relief in his petition as required by Rule 2(c), Rules Governing Section 2254 Proceedings, and had instead incorporated by reference his state habeas corpus petition. (Order 12/12/13, Doc. 9.)

On December 30, 2013, Petitioner filed the instant, Second Amended Petition (Doc. 11). Petitioner's Petition asserts four grounds for relief.

In Ground One, Petitioner asserts that he was denied due process under the Fifth and Fourteenth Amendments of the United States Constitution as follows: (a) the original indictment was dismissed without opportunity to be heard and with "impermissive delay" in 1993, (b) the second indictment carried a single count of First Degree Murder, but the jury was instructed on the entire spectrum of crimes of homicide resulting in double jeopardy, (c) and the trial judge admitted that she had been part of the prosecution

unit assigned to the original 1993 indictment.

In Ground Two, Petitioner asserts that his "constitutional and statutory speedy trial and due diligence rights" were violated when his original indictment was dismissed and he was indicted for the same crime twelve years later.

In Ground Three, Petitioner asserts that he was exposed to "*ex post facto* application of justification statute for self-defense," because the law on self-defense changed between the time the original indictment was dismissed and a new indictment was filed.

In Ground Four, Petitioner asserts that he was denied access to habeas corpus under the original jurisdiction of the Arizona Supreme Court.

**Response** - On March 25, 2014, Respondents filed their Response ("Limited Answer") (Doc. 24). Respondents argue that the Petition is untimely, and barred by the habeas statute of limitations. Respondents also argue that Petitioner's federal claims have not been fairly presented to the state courts, and are now procedurally defaulted and thus barred from habeas review.

**Reply** - On April 14, 2014, Petitioner filed a Reply combined with a Motion to Strike (Doc. 26). Petitioner argued that Respondents had failed to properly bind the exhibits to the Response, and had failed to address the merits of the Petition. The Court denied the Motion to Strike, and provided Petitioner an opportunity to file "an amended reply." (Order 4/15/14, Doc. 27.)

Instead, on April 30, 2014, Petitioner filed his "Supplemental Limited Reply to Supplemental Answer" (Doc. 28). Petitioner argues that he relies on the request to expand the record and for an evidentiary hearing included in his original Reply (Doc. 26).

Rather than mandate the filing of an integrated, amended reply, the undersigned will treat the original Reply (Doc. 26) and the Supplemental Reply (Doc. 28) as Petitioner's combined reply to Respondents' Response (Doc. 24).

In his original Reply, Petitioner addresses the merits of his claims, argues he is

5

"actually innocent," that he properly exhausted his state remedies by fairly presenting his claims in his state habeas petition, and requests an expansion of the record and an evidentiary hearing "to resolve any issues into which the court may wish to inquire." (Doc. 26).

In his Supplemental Reply, Petitioner argues that an evidentiary hearing is mandatory under Rule 8, Rules Governing Section 2254 Proceedings. He argues that his state habeas petition was properly filed in accordance with the rules of the Arizona Supreme Court, and that the state habeas proceeding constituted an impediment to filing created by state action. Petitioner notes that the application of a state procedural bar may be disregarded where it was mistakenly applied, or where it was a subterfuge to avoid federal review. He further notes that it is subject to avoidance upon a showing of actual innocence. Petitioner further argues the merits of his claims. (Doc. 28).

**Motion for Release** – In the interim, on February 21, 2014, Petitioner filed his Motion for Release (Doc. 20), arguing the limited bond set in the state court proceedings, his status as a disabled veteran, married with a residence in Arizona, and has served 10 years of his 17 year sentence, without incident. He argues that the Court's service Order creates a presumption of success on the merits, and that the loss from his continued incarceration calls for an exercise of discretion to release him.

Respondents have not responded to the motion

### III. APPLICATION OF LAW TO FACTS

**A. TIMELINESS**

**1. One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and

must be dismissed. *Id.*

### 2. Commencement of Limitations Period

**Conviction Final** - The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

Here, Petitioner's direct appeal remained pending through December 11, 2008, when the Arizona Court of Appeals issued its Memorandum Decision. (Exhibit BB.) Thereafter, Petitioner had 30 days, or until January 7, 2009, to file a Petition for Review. Ariz. R. Crim. P. 31.19(a).

However, Arizona has broadly applied its rule expanding time limits by five days after service by mail, Arizona Rule of Criminal Procedure 1.3(a), to include time limits running from the issuance of court orders. *See e.g State v. Rabun,* 162 Ariz. 261, 782 P.2d 737 (1989) (applying Rule 1.3(a) to Rule 31.3 deadline for notices of appeal); *State v. Savage*, 117 Ariz. 535, 573 P.2d 1388 (1978) (applying Rule 1.3(a) to Rule 32.9(c) deadline for petition for review from denial of motion for rehearing in PCR proceeding); and *State v. Zuniga*, 163 Ariz. 105, 786 P.3d 956 (1990) (citing applying Rule 1.3 to time for notice of appeal delivered to attorneys' courthouse internal mailbox). Because it does not affect the outcome of these proceedings, the undersigned presumes, for purposes of this Report and Recommendation, that Petitioner had through January 12, 2009 to seek review by the Arizona Supreme Court. Because he did not seek such review, his one year habeas limitations period began to run thereafter.

However, in *Burton v. Stewart*, 549 U.S 147 (2007), the Court concluded that for purposes of the habeas statute of limitations, "[f]inal judgment in a criminal case means

---

[1] Later commencement times can result from a state created impediment, newly recognized constitutional rights, and newly discovered factual predicates for claims. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Except as discussed hereinafter, Petitioner proffers no argument that any of these apply.

7

sentence. The sentence is the judgment." *Id.* at 799 (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). *See also Ferreira v. Secretary, Dept. of Corrections*, 494 F.3d 1286 (11th Cir. 2007) (holding re-sentencing judgment is relevant one, even if challenge is directed only to earlier conviction). Here, Petitioner was not resentenced, but his pre-sentence incarceration credits were recalculated in a minute entry dated April 1, 2009 and filed April 6, 2009 (Exhibit CC).

Ordinarily, such ministerial adjustments have not been construed as resetting the habeas limitations clock. "[A]n amended judgment that only corrects a clerical error in the original judgment or is merely ministerial does not begin the one-year limitations period anew." Postconviction Remedies § 25:13 at n. 34 and surrounding text. *See also* Federal Habeas Manual § 9A:18 (same).

Because it does not affect the outcome, the undersigned presumes for purposes of this Report & Recommendation that the adjustment of Petitioner's incarceration credit was an amended sentence within the meaning of *Burton*, and that Petitioner had a right to appeal from such order. *See* Ariz. Rev. Stat. § 13-4033(a)(3) (right to appeal from an "order made after judgment affecting the substantial rights of the party"). Under Rule 31.3, Petitioner had 20 days from such order, or until Monday, April 27, 2009, to file a notice of appeal. Under Rule 1.3, an additional five days would apply for service of the order by mail. In such instance, Petitioner's conviction would not have been final until Monday, May 4, 2009.

Because it does not affect the outcome, the undersigned presumes, for purposes of this Report and Recommendation, that this later date applies, and that Petitioner's conviction became final on May 4, 2009, and his one year limitations period began to run thereafter.

**State Created Impediment** - The statute of limitations provide for a later start date of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Here,

Petitioner argues that his state habeas proceeding constituted such an impediment, and that the impediment continued until that proceeding was finally resolved. (Supplemental Reply, Doc. 28 at 2-3.)

Petitioner's reasoning is unclear. The state did not mandate that Petitioner file a state habeas petition. Indeed, the Arizona Supreme Court ultimately ruled that Petitioner could not properly file such petition. (*See* Exhibit MM, Order 6/6/13.)

Perhaps Petitioner suggests that once his state habeas petition was pending, he could not file his federal petition until his state habeas was fully resolved. Even if true, that impediment would not have arisen until after, as discussed hereinafter, Petitioner's limitations period had fully expired.

Perhaps Petitioner suggests that his need to exhaust his state remedies required that he file his state habeas petition. Assuming that to be the case, Petitioner proffers no explanation how the State kept him from pursuing his state habeas petition in the years between the conclusion of his direct appeal, the conclusion of his PCR proceeding, and the expiration of his one year federal limitations period.

Rather, it appears that Petitioner is attempting to convert his unilateral decision to file a delayed state habeas petition into an impediment under § 2244(d)(1)(B). That section is limited, however to "an impediment…created by State action." Petitioner points to no State action that kept him from earlier filing his federal petition.

**Newly Discovered** - Section 2244(d)(1)(D) provides an alternative commencement date for the habeas statute of limitations of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Thus, where despite the exercise of due diligence a petitioner was unable to discover the factual predicate of his claim, the statute does not commence running on that claim until the earlier of such discovery or the elimination of the disability which prevented discovery.

Although Petitioner does not argue the point, it appears arguable that his claim in Ground Four, asserting a denial of his right to habeas corpus review in the state courts,

9

was not discoverable until the Arizona Supreme Court denied his habeas petition on June 6, 2013 (Exhibit MM).

On the other hand, Petitioner's claim is not that there was error in the denial by the state court, but that the error results from the decision of the State to convert its habeas remedies "to a proceeding under the far less effective (and restrictive) setting of Rule 32." (2nd Amend. Pet., Doc. 11 at 9.) Petitioner's discovery of that information was not the discovery of a "factual predicate" but his discovery of a legal principle of Arizona law. *See Shannon v. Newland,* 410 F.3d 1083, 1088 (9th Cir. 2005) (distinguishing between changes or clarifications in state law and discovery of "factual predicate").

Moreover, the commencement is not delayed until actual discovery, but only until the date on which it "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Even if it were presumed that an adverse ruling of the Arizona Supreme Court was necessary to alert Petitioner to those legal principles, Petitioner proffers nothing to suggest that he was diligent in pursuing such a ruling. Indeed, Petitioner allowed almost three years to elapse between the denial of his PCR petition on May 3, 2010 (Exhibit JJ), and the filing of his state habeas petition on April 2, 2013 (Exhibit KK).

Accordingly, § 2244(d)(1)(D) does not extend the commencement of Petitioner's limitations period.

**Summary** – Based upon the foregoing, the undersigned finds that Petitioner's one year limitations period began running no later than May 5, 2009, and without any tolling expired on May 4, 2010, making his original Petition (Doc. 1) over 40 months delinquent.[2]

//

---

[2] Because it does not affect the outcome, the undersigned presumes for purposes of this Report and Recommendation that Petitioner's Second Amended Petition (Doc. 11) should be deemed to relate back to the filing of his original Petition (Doc. 1). *See* Fed. R. Civ. P. 15(c). The undersigned further presumes that under the prisoner mailbox rule, it should be deemed filed as of the date of the certificate of service, September 19, 2013.

### 3. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This provision only applies to state proceedings, not to federal proceedings. *Duncan v. Walker*, 533 U.S. 167 (2001).

Petitioner's limitations period commenced running on May 5, 2009. Petitioner's PCR proceeding was commenced on January 12, 2009, when he filed his Notice of Post-Conviction Relief (Exhibit DD). This was before the latest date his limitations period began running. It remained pending until May 3, 2010, when the PCR court filed its order dismissing the proceeding. (Exhibit JJ.) Thus, Petitioner's habeas limitations period was tolled from its commencement through May 3, 2010. It commenced running on May 4, 2010, and expired one year later on May 3, 2011.

Petitioner's next post-conviction proceeding was not commenced until April 1, 2013, when Petitioner filed his state habeas petition. Because it does not affect the outcome, the undersigned will presume that this filing should be deemed filed under the prison mailbox rule as of the date that Petitioner signed the proof of service, March 27, 2013.[3] (Exhibit KK, State Pet. at 22.) At that time, his one year had been expired for almost two years. Once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, Petitioner has no statutory tolling resulting from his state habeas proceedings.

Consequently, Petitioner's habeas petition was at least 28 months delinquent.

---

[3] "In determining when a *pro se* state or federal petition is filed, the 'mailbox' rule applies. A petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). Although that rule only applies to state filings when the state itself has not rejected a prison mailbox ruled, *Orpaida v. McDaniel*, - - - F.3d - - , 2014 WL 1797682 (9th Cir. 5/7/14), Arizona has expressly adopted a prison mailbox rule. *See e.g. State v. Goracke*, 210 Ariz. 20, 106 P.3d 1035 (2005).

### 4. Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.). Petitioner bears the burden of proof on the existence of cause for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

Petitioner does not proffer any grounds for equitable tolling, and the undersigned finds none.

### 5. Actual Innocence

To avoid a miscarriage of justice, the habeas statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013). To invoke this exception to the statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have

convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This exception, referred to as the "*Schlup* gateway," applies "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *Id.* at 1936 (quoting *Schlup,* 513 U.S. at 316).

Such a claim must be founded upon ""new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. However, "the habeas court's analysis is not limited to such evidence," but rather "the habeas court must consider ' 'all the evidence,' ' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 537-538 (2006) (quoting *Schlup*, 513 U.S. at 327-328). Because the *Schlup* gateway is a *de novo* evaluation of all the available evidence to determine an assessment "how reasonable jurors would react to the overall, newly supplemented record," it is "'by no means equivalent to the standard [for claims of insufficient evidence]." *House,*547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 330.)

In his original Reply, Petitioner summarily argues that he is "actually innocent." (Doc. 26 at 4.) Similarly, in his Supplemental Reply, in the context of attempting to avoid a finding of procedural default, Petitioner argues that actual innocence applies in this case. (Doc. 28 at 3.)

In neither brief, however, does Petitioner proffer any "new reliable evidence" of his actual innocence. For this reason, his claim of actual innocence must be rejected.

Petitioner does make various arguments based upon the fact that the jury ultimately found him not guilty of the original charged offense, first degree murder.[4]

---

[4] It appears Petitioner is unfamiliar with the well established permissibility of conviction on a lesser-included-offense of the offense charged in an indictment. *See e.g. St. Clair v. U.S.*, 154 U.S. 134 (1894); and *Walker v. U.S.*, 418 F.3d 1116 (D.C. Cir. 1969).)

(Supplemental Reply, Doc. 28 at 6.)  But that is not the offense which Petitioner was convicted of having committed.  Petitioner proffers nothing to show that he is actually innocent of the offense of conviction, second degree murder.

Petitioner further argues, essentially, that he was acting in self-defense of personal property.  (Supplemental Reply, Doc. 28 at 5.) However, the Arizona Court of Appeals found that the instructions given to the jury encompassed such a defense (Exhibit BB, Mem. Dec. at 13-14), and the jury nonetheless convicted. More importantly, Petitioner proffers no new reliable evidence to support such a defense.

In sum, Petitioner fails to sustain his burden of providing new reliable evidence establishing his actual innocence.

### 6.  Summary re Statute of Limitations

Taking into account the available statutory tolling, and applying all presumptions in Petitioner's favor, Petitioner's one year habeas limitations period commenced running no later than May 4, 2010, and expired on May 3, 2011, making his 2013 Petition over two years delinquent.  Petitioner has shown no basis for additional statutory tolling, and no basis for equitable tolling or actual innocence to avoid the effects of his delay. Consequently, the Petition must be dismissed with prejudice.

### B. OTHER DEFENSES

In addition to arguing a bar under the habeas statute of limitations, Respondents argue the Petitioner has procedurally defaulted on his state remedies, and thus his claims are now barred from habeas review.  Because the undersigned finds the Petition plainly barred under the habeas statute of limitations, this alternative defense is not reached.

### C.  MOTION FOR RELEASE

On February 21, 2014, Petitioner filed his Motion for Release (Doc. 20), seeking release pending review of his Petition, arguing the limited bond set in the state court

proceedings, his status as a disabled veteran, married with a residence in Arizona, and has served 10 years of his 17 year sentence, without incident. He argues that the Court's service Order creates a presumption of success on the merits, and that the loss from his continued incarceration calls for an exercise of discretion to release him. Respondents have not responded to the motion.

Federal Rules of Appellate Procedure Rule 23 governs the release of a prisoner collaterally attacking a conviction through a habeas petition. *See United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) (federal sentence); and *Marino v. Vasquez*, 812 F.2d 499, 507 (9th Cir. 1987) (state sentence). *But see In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001) (noting divergence among circuits and declining to resolve whether release may be granted pending a decision by the district court on a habeas petition). In connection with a habeas corpus petition, "this court has reserved bail for 'extraordinary cases involving special circumstances or a high probability of success.'" *Mett*, 41 F.3d at 1282 (quoting, in part, *Land v. Deeds*, 878 F.2d 318 (9th Cir. 1989)). *But see Aronson v. May*, 85 S.Ct. 3, 5 (1964) (requiring showing of "substantial questions" rather than high probability of success, for release on appeal of habeas petition).

Petitioner cites *U.S. v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) for he proposition that the standard is one of risk of flight and danger to the community. (Motion, Doc. 20 at 1.) However, *Motamedi* dealt with a pretrial release on bail. In *Aronson*, Justice Douglas observed the distinction between pretrial release and release on habeas:

> This applicant is incarcerated because he has been tried, convicted, and sentenced by a court of law. He now attacks his conviction in a collateral proceeding. It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt.

Aronson, 85 S.Ct. at 5.

"Special circumstances" have been found to include such things as: (1) "a serious deterioration of health while incarcerated, and unusual delay in the appeal process,"

15

*Salerno v. United States*, 878 F.2d 317 (9th Cir. 1987); and (2) situations where "the sentence was so short that if bail were denied and the habeas petition were eventually granted, the defendant would already have served the sentence," *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3rd Cir. 1992).

Assuming arguendo that this Court has the authority to release Petitioner pending a decision on his habeas petition, that authority cannot be exercised in this case.

Petitioner has not shown exceptional circumstances. Petitioner does not cite a serious deterioration of health. Neither is there an obvious risk that Petitioner's sentence will expire before his petition could be granted. Although Petitioner has already served ten years, some seven years remain on Petitioner sentence. Nor does Petitioner identify any other equally weighty special circumstances making Petitioner's situation an extraordinary case justifying release. At best, Petitioner cites the kinds of considerations used to determine risk of flight and danger to the community, *i.e.* his subsequent good behavior, military service, marital status, assets and ties to the community, etc.

Finally, there is not a high probability of success on the Petition. Petitioner points to the service Order, filed January 23, 2014 (Doc. 12) as evidence of his likelihood of success. However, that Order did nothing more than observe that Petitioner had asserted grounds of relief under 28 U.S.C. § 2254 sufficient to require an answer to the Petition. Respondents have since answered and asserted substantial defenses. Now, the undersigned has concluded that the case is barred by the habeas statute of limitations. Even if the Court ultimately rejects that determination, the case remains subject to claims of procedural default that appear meritorious.

Accordingly, Petitioner's Motion for Release must be denied.

### IV. CERTIFICATE OF APPEALABILITY

**<u>Ruling Required</u>** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in

cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. Under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling."

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

### V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Second Amended

Petition for Writ of Habeas Corpus, filed December 30, 2013 (Doc. 11) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Petitioner's Motion for Release, filed February 21, 2014 (Doc. 20) be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: May 28, 2014

13-2028-r RR on HC 14 05 01.docx

James F. Metcalf
United States Magistrate Judge