NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Clyde Esry,<br><br>                Petitioner,<br><br>v.<br><br>Laura Escapule, et al.,<br><br>                Respondents. | No. CV-13-02028-PHX-SRB<br><br>**ORDER** |

      Petitioner, Ernest Clyde Esry, filed a Petition for Writ of Habeas Corpus on October 4, 2013 but with a certificate of mailing dated September 19, 2013. The Petition was subsequently amended and raised four grounds for relief. Respondents filed their Response on March 4, 2014 arguing that the Petition was untimely and barred by the statute of limitations set out in 28 U.S.C. § 2254(d). Petitioner also filed a Motion for Release.

      On May 28, 2014 the Magistrate Judge issued his Report and Recommendation recommending that the Petition for Writ of Habeas Corpus be dismissed with prejudice, the Motion for Release be denied and a Certificate of Appealability also be denied. The Magistrate Judge found the habeas petition was filed long after the expiration of the one year statute of limitations. The Magistrate Judge analyzed the possibility of equitable tolling and found that Petitioner did not offer grounds for equitable tolling and the Magistrate Judge found none. The Magistrate Judge also considered whether there was any evidence that Petitioner was excused from filing within the statute of limitations

because he had a convincing claim of actual innocence and found that Petitioner did not offer any new reliable evidence of actual innocence.

Petitioner filed timely written objections on June 13, 2014 and continues to assert that the filing of his habeas corpus petition in state court resulted in a tolling or extension of the one year statute of limitations. As noted by the Magistrate Judge in the Report and Recommendation, by the time of the filing of the state court petition for writ of habeas corpus, Petitioner's one year statute of limitation had already long expired. After considering the statutory tolling period, Petitioner's one year statute of limitation commenced running on May 4, 2010 and expired one year later on May 3, 2011. Petitioner did not file his state habeas petition until April 1, 2013.

Petitioner also objects to the Magistrate Judge's conclusion that he is not excused from the statute of limitations because of a credible claim of actual innocence. But all Petitioner offers in support of this claim is an argument about a motion in limine filed in January 2007 by the prosecutor regarding the victim's prior bad acts. Petitioner claims that the error of the trial court in granting the motion in limine deprived him of his right to a complete defense of self-defense. This argument falls far short of new reliable evidence that was not presented at trial.

Upon *de novo* review the Court finds itself in agreement with Report and Recommendation of the Magistrate Judge and concludes that Petitioner's objections must be overruled.

IT IS ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 29)

IT IS FURTHER ORDERED overruling Petitioner's objections to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED that the Amended Petition for Writ of Habeas Corpus is denied and dismissed with prejudice. (Doc. 11)

IT IS FURTHER ORDERED that Petitioner's Motion for Release is denied. (Doc. 20)

IT IS FURTHER ORDERED denying any Certificate of Appealability and leave to proceed *in forma pauperis* on appeal. The dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 7th day of July, 2014.

_____
Susan R. Bolton
United States District Judge